THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LINDA BRADNEY, Defendant-Appellant.

Fourth District    No. 4—94—0838

Opinion filed June 29, 1995.

Daniel D. Yuhas and Janieen R. Tarrance, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles H. Burch, State's Attorney, of Hardin (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant Linda Sue Bradney appeals from the trial court's dismissal of her second petition for post-conviction relief. We affirm.

After a January 1987 bench trial, defendant and her codefendant husband, Bruce Curtis Bradney, were found guilty of residential burglary, a Class 1 felony (Ill. Rev. Stat. 1985, ch. 38, par. 19—3 (now 720 ILCS 5/19—3 (West 1992))), and theft over $300, a Class 3 felony (Ill. Rev. Stat. 1985, ch. 38, par. 16—1 (now 720 ILCS 5/16—1 (West 1992))). The offenses were committed on June 8, 1985, in Calhoun County. The residence burglarized was the home of a married couple.

A joint sentencing hearing for defendant and her codefendant husband occurred on January 23, 1987. Ralph Moses, one of the victims, testified both he and his wife, the other victim, were over the age of 60 at the time of the offense. On the day of the sentencing hearing, he was age 72, and his wife was age 66. Also, the presentence report revealed defendant had several prior convictions, includ-

ing two Class 1 felonies: a 1982 conviction of five counts of indecent liberties with a child (Ill. Rev. Stat. 1981, ch. 38, par. 11—4(a)(2)) and a 1986 Madison County conviction for residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3). The State argued defendant should receive an extended term of imprisonment based on the age of the victims and her prior felony convictions. Defendant's counsel asserted an extended term of imprisonment was inappropriate based on the age of the victims because Moses was "one of the most healthiest 72[-]year[-]old" persons he had "ever seen." Defendant's counsel did not, however, address her prior convictions. The trial court declared from the bench:

"O.K. The Court has heard the case, the evidence introduced in the trial at the bench, of a presentence investigation report, the evidence and information that counsel has offered in aggravation and mitigation, heard the victim's impact statement—evidence by Mr. Moses, heard arguments, heard the statements by the Defendants, themselves. The Court would note that the Defendant, Linda Bradney, has two previous [C]lass 1 offenses. One, of course, which is for burglary—residential burglary within a 10[-]year period."

The trial court next discussed Bruce's prior convictions, and then continued:

"The Court notes that *due to the previous convictions*[,] *Class 1 felonies within the past 10 years*, that the parties are eligible for consideration for an extended term. Now, *the victim[s] of the burglary* in this case [were] Mr. and Mrs. Moses, *both* of whom *are over 60 years of age at the time*. I'm not sure, however, that this is the type of an offense where the age of the victim triggers an extended term, but in any event, the previous conviction of residential burglary does. Normally my sentences—many of them are minimum—minimum times. This is based upon the proposition that you [defense counsel] said. The people in the penitentiary— they're coming back. They aren't going to stay all that long. They're going to come back into the community and you have to deal with them, and therefore, you have the idea for rehabilitation and I would suppose that perhaps in sentencing, we should focus maybe on both ends of the spectrum and the other end is when it's necessary to protect the public; and it seems to me as if that's what we're getting into. *We have previous offenses*—residential burglary perhaps in the same time frame—other offenses. A husband and wife would note—As husband and wife, I will note Mr. Bradney was released from the Department of Corrections, *and the Court would further note that both were on supervised release at the time* or parole, as you might say. [Defendant] had—

was on it. So it would seem to the Court that the main thrust of a sentence in this case should be for the protection of the public. The Court believes that for the most affective [*sic*] protection of the public, an extended term should be imposed." (Emphasis added.)

The trial court then sentenced defendant to an extended term of 25 years' imprisonment for residential burglary, and to 3 years' imprisonment for theft over $300, with terms to run concurrently.

Defendant appealed and this court affirmed, and upheld the extended-term sentence, stating:

"We need not consider whether the circuit court improperly relied on the ages of the Moses as an aggravating factor, for it is undisputed both Bruce and Linda Bradney were convicted of Class 1 felonies within the 10 years preceding their burglary of the Moses' residence, which was also a Class 1 felony. [Citation.] That factor alone was a proper basis for imposition of extended-term sentences on the Bradneys." (*People v. Bradney* (1988), 170 Ill. App. 3d 839, 867-68, 525 N.E.2d 112, 130-31, citing Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1).)

This court then discussed whether the trial court abused its discretion in sentencing defendant to 25 years' imprisonment:

"Linda committed three rather serious offenses—the present residential burglary and theft and the residential burglary in Godfrey—while on parole as a result of previously being found guilty of serious offenses. Linda's convictions of aggravated incest and indecent liberties with a child did result from offenses of a different nature from that of residential burglary and theft, but her participation in the burglary and theft of property from the Moses' residence indicates an inability on her part to abide by the norms of socially acceptable conduct. The circuit court could therefore have reasonably concluded fairly lengthy sentences are necessary in order to protect the public from further criminal activity on the part of Linda." (*Bradney*, 170 Ill. App. 3d at 869, 525 N.E.2d at 131-32.)

In April 1992, defendant and Bruce filed a joint *pro se* petition for post-conviction relief alleging ineffective assistance of appellate counsel. The trial court denied their petition as being untimely because it was not filed within the three-year limitations period. (Ill. Rev. Stat. 1991, ch. 38, par. 122—1.) Defendant and Bruce appealed, and this court summarily affirmed the dismissal of Linda's appeal. *People v. Bradney* (4th Dist. 1992), No. 4—92—0815 (order).

In 1993, defendant filed a post-conviction petition in Madison County regarding her 1986 conviction for residential burglary. In September 1993, the trial court in Madison County approved an

agreement between the State and defendant *reducing* her 1986 conviction from residential burglary to theft over $300, a Class 3 felony. Apparently because the State agreed to the modification reducing defendant's conviction, there was no objection to defendant's petition being untimely filed (725 ILCS 5/122—1 (West 1992) (three-year statute of limitations)).

Thereafter, in April 1994, defendant filed an application for *habeas corpus* in Calhoun County regarding her 1987 convictions. Her application was amended and filed as a petition for post-conviction relief. Attached to the petition was a copy of the Madison County court's order reducing her 1986 conviction from residential burglary to theft over $300. Defendant alleged her 25-year extended-term sentence for residential burglary in Calhoun County was predicated on the now reduced 1986 conviction for residential burglary in Madison County. Therefore, she contended, her constitutional rights had been violated and she deserved a new sentencing hearing. The State filed a motion to dismiss the petition, arguing, among other things, the Madison County court had no jurisdiction to reduce defendant's conviction, and regardless, defendant's extended-term sentence for the Calhoun County residential burglary had been based on several aggravating factors, not just her prior conviction for residential burglary.

At a hearing on the State's motion to dismiss, the State called Susan Jansen, the assistant State's Attorney in Madison County who had been involved in the reduction of defendant's 1986 conviction for residential burglary. Jansen was called because there was no official record of the *reason* for the reduction in defendant's conviction. Jansen testified she received correspondence from defendant indicating what was "going on in her life," and explaining a reduction in her conviction would help her achieve clemency in other matters. Jansen agreed to the modification but not because any trial defect or deprivation of constitutional rights had occurred. There was no issue of that nature. She agreed to the modification out of sympathy to help defendant gain clemency and because she believed defendant had "distanced herself from her husband." However, she was not aware at that time defendant was serving an extended-term sentence based on the 1986 Madison County residential burglary conviction. No other evidence was presented at the hearing on the motion to dismiss.

The trial court granted the State's motion to dismiss. From the bench, the trial court declared it had doubts about the validity of the reduction of defendant's conviction, but did not need to decide that issue, because defendant's extended term was supported by the other

aggravating factors present. Defendant now appeals the trial court's dismissal of this petition, her second, for post-conviction relief.

Defendant argues she should receive a new sentencing hearing because her 25-year extended-term sentence was predicated on her now-vacated conviction for residential burglary. The State responds first by arguing defendant failed to file her petition within three years from the date of her conviction, and did not allege facts showing this delay was not due to her culpable negligence, as required by section 122—1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 (West 1992)). Defendant asserts the basis for this post-conviction petition did not arise until the reduction in her Madison County conviction, and she filed her post-conviction petition here within eight months of that reduction. The State then responds defendant has made no showing of a valid basis for the more-than-three-year delay of her filing a post-conviction petition in her Madison County conviction. The State also argues the Madison County trial court was without jurisdiction to modify defendant's earlier conviction absent constitutional error or other defect in defendant's conviction.

The State has valid concerns regarding the trial court's exercise of its jurisdiction to reduce a defendant's conviction some seven years later to a lesser offense absent constitutional error. We question the authority for and propriety of a court taking such an action. Sections 122—1 and 122—2 of the Act require a post-conviction petition allege specific constitutional error. (725 ILCS 5/122—1, 122—2 (West 1992).) Section 122—6 of the Act requires the trial court find in favor of the petitioner before it may grant necessary and proper relief. (725 ILCS 122—6 (West 1992).) The Act does not allow a defendant to file a post-conviction petition merely to seek clemency, nor does it allow a court to grant a post-conviction petition merely out of a desire to grant clemency. Such a practice would throw into question other sentences of a defendant which were predicated on that earlier conviction, clog the courts with petitions aimed at clemency and appeals of denials there, and send a disturbing message to society regarding the certainty of our criminal justice system. Moreover, a court has " 'no right to exercise clemency through its own processes. [Citation.] The exercise of clemency is an executive, not a judicial function.' " *Pardo v. Chrans* (1988), 174 Ill. App. 3d 549, 551-52, 528 N.E.2d 1071, 1073, quoting *People ex rel. Castle v. Spivey* (1957), 10 Ill. 2d 586, 594-95, 141 N.E.2d 321, 325-26.

However, the State has not cross-appealed the trial court's ruling it was not determining the Madison County court's order to be void, and there is nothing in the record indicating the State appealed the

Madison County circuit court's exercise of jurisdiction (in which it acquiesced). Further, the record here contains none of the trial record of defendant's Madison County conviction other than the final written order of the Madison County trial court, which did not explain the basis for the reduction in defendant's conviction. The record is insufficient for us to definitively determine whether defendant filed her post-conviction petition in Madison County in a timely manner, or whether the Madison County trial court acted properly in reducing defendant's conviction.

We need not decide whether the reduction of defendant's Madison County residential burglary conviction is void, because we hold defendant failed to timely file her post-conviction petition in Calhoun County. The provisions of section 122—1 of the Act that pertain in this case required defendant to file her post-conviction petition three years from the date of her conviction "unless the petitioner alleges facts showing that the delay was not due to [her] culpable negligence." (725 ILCS 5/122—1 (West 1992).) Petitioner here has failed to make those allegations, and on this record, even if she had so alleged, those allegations would have been groundless. The only claim petitioner could make as an exception to the requirements of section 122—1 concerns the Madison County rulings on the post-conviction petition she filed there. However, those events did not suffice to excuse petitioner from having filed her petition in Calhoun County in a more timely fashion. First, the record contains no indication as to why petitioner did not pursue her Madison County remedies sooner. Second, ancillary matters, like the Madison County proceedings, do not come within the limited exception the legislature created in section 122—1 to the normal requirement a defendant must file her post-conviction petition within three years of her conviction.

Even if we were not to so hold, we would still affirm the trial court's denial of defendant's petition for post-conviction relief because her sentence at issue here was proper notwithstanding the Madison County proceedings. Section 5—8—2 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—8—2(a)(3) (West 1992)) allows a trial court to sentence a defendant convicted of a Class 1 felony to an extended term of imprisonment of between 15 and 30 years when any of the aggravating factors in section 5—5—3.2(b) of the Unified Code are present. Section 5—5—3.2(b) of the Unified Code declares:

> "(b) The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender:
>
> > (1) When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other juris-

diction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction ***; *or*

* * *

(4) When a defendant is convicted of any felony committed against:

***

(ii) a person 60 years of age or older at the time of the offense or such person's property." (Emphasis added.) (730 ILCS 5/5—5—3.2(b) (West 1992).)

A trial court need find only a single statutory factor in aggravation to impose an extended-term sentence. (*People v. Smith* (1993), 241 Ill. App. 3d 446, 463, 608 N.E.2d 1259, 1271, citing *People v. Benkowski* (1991), 215 Ill. App. 3d 615, 621, 575 N.E.2d 587, 591.) In *Benkowski*, the appellate court declared it did not need to address the defendant's argument a particular aggravating factor was not present because another aggravating factor was present and, therefore, justified the extended-term sentence imposed on the defendant. *Benkowski*, 215 Ill. App. 3d at 621, 575 N.E.2d at 591.

Moreover, a trial court's reliance upon an improper factor does not always necessitate remandment for resentencing. Where it can be determined from the record that the weight placed upon the improperly considered aggravating factor was insignificant and that it did not lead to a greater sentence, remandment is not required. (*People v. Beals* (1994), 162 Ill. 2d 497, 509-10, 643 N.E.2d 789, 795-96.) In *Beals*, the Supreme Court of Illinois upheld the defendant's sentence where, assuming the trial court relied on an improper aggravating factor, the record showed the trial court also relied on other aggravating factors, including the need to punish and deter the defendant, and the need to protect society.

Here, assuming *arguendo* defendant's Madison County residential burglary conviction was properly only a conviction for theft over $300, and, therefore, was improperly relied on as an aggravating factor warranting an extended term of imprisonment, there were at least *two other* valid grounds for giving her an extended term of imprisonment for the June 1985 residential burglary in Calhoun County. First, defendant's 1982 Class 1 felony conviction for five counts of indecent liberties with a child had occurred within 10 years of her January 1987 Calhoun County conviction for residential burglary, also a Class 1 felony. Second, both victims in the Calhoun County residential burglary were over 60 years old. An extended term of imprisonment for defendant's 1985 Calhoun County burglary is justified on either of these statutory bases.

Defendant argues, however, her prior residential burglary conviction was the "primary focus" of the trial court in sentencing her. She asserts the trial court's statements, and her 25-year term (close to the 30-year maximum), indicate this. She contends we must remand for the trial court to redetermine an appropriate sentence. Defendant's argument is without merit. The record clearly reveals the trial court's reliance on defendant's Madison County residential burglary was insignificant in sentencing her.

First, in determining defendant's *eligibility* for an extended term of imprisonment, the trial court declared defendant had *two* prior Class 1 felony convictions within the past 10 years. In other words, the trial court recognized defendant was eligible for an extended term based on her prior Class 1 felony conviction for indecent liberties with a child. This would be true regardless of whether the trial court found defendant was *also* eligible for an extended term based on her prior residential burglary conviction. In addition, the age of the victims was over 60, a factor warranting an extended term under section 5—5—3.2(b) of the Unified Code. As explained earlier, under the rule in *Benkowski*, imposition of an extended term under section 5—5—3.2(b) of the Unified Code will be upheld when the trial court relies on an improper aggravating factor, but where another valid aggravating factor establishes eligibility for an extended-term sentence.

Second, in determining the appropriate *length* of defendant's extended term of imprisonment, the trial court did not rely on the 1986 Madison County conviction because it was a Class 1 felony or because it was a residential burglary, but simply because it was a prior offense, and especially a prior felony. The trial court noted defendant had *several* prior offenses, not just residential burglary. (There was also a March 1981 theft under $300, and in 1982 an aggravated incest, a Class 2 felony (Ill. Rev. Stat. 1981, ch. 38, par. 11—10).) The fact defendant repeatedly refused to abide by socially acceptable norms of conduct demonstrated defendant lacked rehabilitative potential. Both the offenses here and that which was the basis for the 1986 Madison County conviction were committed while defendant was on mandatory supervised release for the five counts of indecent liberties and aggravated incest convictions. Based on defendant's multiple prior convictions, the trial court declared a need in this case to give a longer extended term of imprisonment for the protection of the public. Thus, the *particular* class of the felony involved in defendant's 1986 Madison County conviction was irrelevant. Even if the trial court had believed this conviction had been only for theft over $300, the fact *any* felony had been committed fur-

ther demonstrated defendant's lack of rehabilitative potential, and the trial court's concern for protecting the public from serious criminal behavior would still apply with equal force. In short, any reliance by the trial court on the fact defendant's 1986 Madison County conviction was for residential burglary, rather than theft over $300, was insignificant in sentencing defendant to an extended term of 25 years' imprisonment.

The trial court's denial of defendant's petition for post-conviction relief is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.