**UNITED STATES of America ex rel. Terry EVERETT (N–91447), Petitioner,**

v.

**Warden Michael NEAL, Respondent.**

**No. 99 C 5898.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 14, 1999.

---

Terry Everett, Danville, IL, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

On September 5, 1997, after pro se 28 U.S.C. § 2254[1] petitioner Terry Everett ("Everett") had paid the $5 filing fee, this Court issued the attached memorandum opinion and order ("Opinion") denying Everett's Petition, "but *without* prejudice to Everett's possible renewal of his efforts to obtain federal habeas relief when the quoted precondition has been satisfied."[2] That ruling was based on Everett's August 28, 1997 "Motion to Addendum," in which he said that shortly before issuance of the July 25, 1996 order of the Illinois Appellate Court for the First District denying his appointed appellate defender's motion

1. All further references to Title 28's provisions will simply take the form "Section—."

2. That "quoted precondition" was the provision of Section 2254(b)(1)(A) that renders the filing of a federal habeas petition premature "unless it appears that ... the applicant has exhausted the remedies available in the courts of the State."

3. Because this Court's dismissal of Everett's original federal Petition was attributable to

for summary reversal based on a claimed violation of Illinois' Post–Conviction Hearing Act procedures by the Circuit Court of Cook County, his appointed counsel had been advised by the Cook County State's Attorney's Office that it had no objection to Everett's pursuing further proceedings under that state statute.

But as Opinion at 2 n. 1 went on to say:

It is of course possible that Everett has been misinformed as to, or has misunderstood, the potential for further state court post-conviction proceedings as he has stated that potential in his current filings. If he finds that to be the case, he may accompany a renewed petition for federal habeas relief (which must be filed under a new case number, not under 97 C 5379, in all events) with a letter from his appellate defender that explains the unavailability of such further state court proceedings.

Everett did not respond to that invitation by correcting the erroneous impression that he had just created by his Motion to Addendum, as he well could have for reasons amplified hereafter. Instead, fully two years and a handful of days after issuance of the Opinion, Everett has filed a new Section 2254 Petition.[3] This opinion proceeds to deal with the circumstances now disclosed by Everett.

Before that is done, however, a few words should be said regarding Everett's contemporaneously-filed Motion and Affidavit in Support of Request To Proceed In Forma Pauperis ("Request") and Motion for Appointment of Counsel ("Motion"). As he did the first time around, Everett

what seemed to be his nonexhaustion of state remedies under Section 2254(b)(1)(A), this current effort is not a "second or successive petition" within the meaning of Section 2244(b). Hence this Court has jurisdiction over the current Petition without Everett's first having to go to the Court of Appeals for authorization to present the Petition here, as Section 2244(b)(3) would otherwise require.

has ignored the fact that Section 2254 petitions require payment of no more than a $5 filing fee. Accordingly the Request is denied, and the authorities at Danville Correctional Center (where he is now in custody) are ordered to pay the sum of $5 from Everett's prisoner trust fund account to the Clerk of this District Court (including a reference to Case No. 99 C 5898 on the remittance). As for the Motion, it is denied as moot in light of the disposition of the Petition ordered here.

Now to the merits. Petition ¶ II reflects that Everett has essayed nothing whatever in the state court system during the couple of years that have intervened since issuance of the Opinion. On the contrary, Petition ¶ II.1 discloses that Everett's one and only effort to obtain state post-conviction relief from his 1988 conviction ended with the Appellate Court's February 18, 1997 affirmance of the Circuit Court's dismissal of his petition for such relief, followed by the Illinois Supreme Court's June 1997 denial of leave to appeal from that affirmance.

Both of those appellate rejections of Everett's state court post-conviction petition had *preceded* the issuance of the Opinion—indeed, had preceded the late July 1997 filing of the original Section 2254 Petition itself—and yet Everett did not disclose in his original Section 2254 Petition that the Appellate Court's decision had clearly taught that Everett had come to the end of the state post-conviction trail. In that respect, the current Petition's Ex. Three is a photocopy of the Petition for Leave to Appeal that was filed on Everett's behalf in the Illinois Supreme Court by Assistant Appellate Defender Ann McCallister. Attached as an Appendix to that Petition for Leave to Appeal is the Appellate Court's unpublished February 18, 1997 order in its Case No. 1–95–3681 that states, after quoting the Illinois Post–Conviction Hearing Act's time limitation on seeking state post-conviction relief (725 ILCS 5/122–1):

The limitations period set forth in section 122–1 has been construed to be jurisdictional. *People v. Heirens,* 271 Ill.App.3d 392, 402, 207 Ill.Dec. 804, 648 N.E.2d 260 (1995). Defendant's petition for leave to appeal was denied on December 4, 1991, but he did not file his petition for post-conviction relief until July 9, 1992. Defendant was required to file his petition for post-conviction relief within six months after the denial of his petition for leave to appeal. His failure to do so or to show "that the delay was not due to his culpable negligence" required that the circuit court dismiss this action. *People v. Bradney,* 273 Ill. App.3d 170, 174–75, 209 Ill.Dec. 888, 652 N.E.2d 428 (1995).

What Everett has now presented, then, is this situation:

1. If he was indeed unable to show that his too-long-delayed attempt to obtain state court post-conviction relief "was not due to his culpable negligence," his state court remedies were exhausted back in June 1997 when the Illinois Supreme Court refused to hear the appeal from the Appellate Court's affirmance of the dismissal of his original (and only) state post-conviction petition.

2. If he was somehow able to demonstrate the absence of culpable negligence on his part in that regard, and he was also able to dodge any claim-preclusion bullet that might have been the consequence of his not having made such a demonstration the first time around, he would still have failed utterly to pursue that avenue of potential relief during the two-year hiatus that followed.

Under either of those alternatives, the current Petition is out of time under Section 2244(d)(1), with its untimeliness not being saved by the tolling provision of Section 2244(d)(2), which applies throughout "[t]he time during which a properly filed application for State post-conviction or other col-

lateral review with respect to the pertinent judgment or claim is pending":

■ 1'. Under the first alternative premise listed in paragraph 1, and given the Illinois Appellate Court's holding that the state post-conviction petition was barred by limitations, the uniform case law teaches that it was not "properly filed" within the meaning of the tolling statute—see such cases as *Dictado v. Ducharme,* 189 F.3d 889, 890, 891 (9th Cir.1999); *Villegas v. Johnson,* 184 F.3d 467, 469 (5th Cir.1999); *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998); and cf. *Tinker v. Hanks,* 172 F.3d 990, 991 (7th Cir.1999). That being so, Everett's delay in filing the 97 C 5379 Petition until late July 1997—more than one year after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996—was fatal to its viability.

2'. As for the second alternative listed in paragraph 2, Everett's lack of any subsequent attempt to proceed in the state court system has caused whatever tolling time might even arguably be available to him under Section 2241(d)(2) to have run out well before his current effort in this District Court.

Accordingly "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). This Court therefore dismisses the Petition summarily (*id.*).