**UNITED STATES ex rel. Desmond WESTON, Plaintiff,**

v.

**Warden CLARK, Defendant.**

**No. 99C5159.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 5, 2000.

Demond Weston, Joliet, IL, petitioner pro se.

Chief of Criminal Appeals, Illinois Attorney General's Office, Chicago, IL, for Dwayne Clark, Warden, respondent.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Desmond Weston filed this *pro se* petition for a writ of habeas corpus on August 4, 1999. On August 24, 1999, the court issued a Rule To Show Cause why the petition should not be dismissed as untimely. Weston's response states that he pursued all state court remedies in a timely fashion and that newly discovered evidence excuses his late filing. Weston further states that his habeas petition includes issues raised on direct appeal in his state post-conviction as well as several new claims.

Weston does not clearly identify the "new evidence" in his response, nor does Weston explain how this new evidence gives rise to any or all of the legal claims in his petition for a writ of habeas corpus. In addition, Weston offers no legal or factual argument in support of his assertion that his state court remedies were timely.

### Background

Following a jury trial, Weston was convicted of first degree murder and attempted first degree murder and sentenced to consecutive aggregate terms of 75 years.

On March 31, 1995, the judgment was affirmed on direct appeal in a published opinion (*People v. Weston,* 271 Ill.App.3d 604, 208 Ill.Dec. 146, 648 N.E.2d 1068 (1995)) and a separate accompanying Rule 23 order. The Illinois Supreme Court denied Weston leave to appeal on June 1, 1995. On February 20, 1998, Weston filed a *pro se* post-conviction petition in state court. In that petition, Weston raised nine constitutional claims. The trial court dismissed the post-conviction proceeding on March 3, 1998, without an evidentiary hearing. Weston appealed and the dismissal was affirmed in a brief order dated December 31, 1998. A petition for leave to appeal to the Illinois Supreme Court was denied on March 31, 1999.

On August 4, 1999, Weston filed his petition for a writ of habeas corpus in this court. Weston raises eleven claims: 1) Fourth Amendment right to be free from unreasonable search and seizure violated when he was arrested without probable cause or a warrant upon information provided by an unreliable informant; 2) Fourteenth Amendment Due Process rights and Sixth Amendment right to fair trial violated when trial court abused its discretion in joining his indictment with that of another individual; 3) Sixth Amendment right to fair trial and confront witnesses violated when trial court permitted hearsay testimony; 4) Sixth Amendment right to fair trial and Fourteenth Amendment Due Process violated when state's attorney made inflammatory statements during opening and closing arguments; 5) trial court abused its discretion when the trial court imposed consecutive sentences without considering mitigating circumstances; 6) state's attorney violated his rights in making statements regarding gang evidence during opening arguments and then failing to introduce any evidence in support of those statements; 7) Fourth Amendment rights violated when trial court abused its discretion in denying Weston's motion to suppress evidence resulting from his arrest; 8) ineffective assistance of trial counsel; 9) Fourteenth Amendment Due Process rights violated when convicted for a murder when he was innocent; 10) ineffective assistance of appellate counsel and denial of due process in the collateral attack on his conviction; 11) the trial court and appellate court abused their discretion in dismissing his post-conviction petition. Weston states that he raised all these claims in the post-conviction proceeding. Because both claim ten and eleven relate to Weston's post-conviction petition, it is unclear exactly when and how those claims were raised. Accordingly, the court will consider those claims separately from the claims arising from the trial and the direct appeal.

### Discussion

Before the court may entertain Weston's claims, the court must first determine whether they are brought in a timely manner. Weston filed his petition for writ of habeas corpus on August 4, 1999. Thus, the petition is governed by 28 U.S.C. § 2244 as amended by the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"). *See Gendron v. United States,* 154 F.3d 672, 675 (7th Cir.1998). In 1996, Congress enacted AEDPA which established a one-year period of limitation for filing a petition under 28 U.S.C. § 2254. Section 28 U.S.C. § 2244(d)(d) states in part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(a) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

For those state prisoners whose judgments of conviction became final prior to the effective date of AEDPA, the one-year period of limitations began to run on April 24, 1996, AEDPA's enactment date. *Gendron*, 154 F.3d at 675. Thus, the statute of limitations for all convictions that became final prior to April 24, 1996, began to run on April 24, 1996. The statute of limitations would be tolled, however, during the pendency of a properly filed post-conviction petition.

■ A state post-conviction proceeding that is barred by the statute of limitations is not "properly filed" within the meaning of the tolling provisions for federal habeas corpus proceedings. *U.S. ex. rel. Everett v. Neal*, 65 F.Supp.2d 850 (N.D.Ill.1999). *See also Dictado v. Ducharme*, 189 F.3d 889, 890, 891 (9th Cir.1999) (to trigger tolling provision for "properly filed" application for collateral review, means to submit application in compliance with the procedural laws of the state); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.1999) ("Properly filed application" for collateral review is one that conforms with state's applicable procedural filing requirements); *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir.1998) ("Properly filed application" is one submitted according to state's procedural requirements, such as rules governing time and place of filing); and *cf. Tinker v. Hanks*, 172 F.3d 990, 991 (7th Cir. 1999) (application for leave to file state post-conviction proceeding was not "properly filed" application for state post-conviction relief and did not toll one-year filing period).

In this case, Weston's conviction became final in 1995, when his petition for leave to appeal was denied by the Supreme Court of Illinois. The judgment became final before the enactment of AEDPA. Therefore, Weston's one year period in which to file his habeas petition began to run on April 24, 1996. Weston, however, did not file his petition until August 4, 1999. This is well over one year after April 24, 1996.

The petition would appear to be time barred.

■ Nevertheless, if Weston's post-conviction petition was properly filed, this court will toll the time period while that post-conviction petition was pending. Unfortunately for Weston, the appellate court found that Weston did not file his petition for post-conviction relief in a timely manner. As the post-conviction petition was not timely, it does not qualify as a "properly filed application." Therefore, this court will not toll the limitations period. Weston's time to file his petition for writ of habeas corpus expired on April 23, 1997, one year after April 24, 1996. Weston's petition is accordingly barred by the one year statute of limitations.

■ Even if Weston's petition for a writ of habeas corpus were not untimely, he is procedurally defaulted from proceeding. If a state court does not reach a federal issue because of a state procedural bar, that issue cannot be raised in a writ of habeas corpus to a federal court without a showing of cause and prejudice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Under Illinois law, a post-conviction petition must be filed within a certain time as determined by the Illinois Post-Conviction Statute. The mere fact that a federal habeas petitioner failed to abide by a state procedural rule is not sufficient to preclude habeas relief. *See Harris v. Reed*, 489 U.S. 255, 261, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). A state procedural default does bar consideration of a federal claim on habeas review if "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* at 263, 109 S.Ct. 1038, (citations omitted). The appellate court order affirming the dismissal of Weston's state post-conviction petition is the last judgment entered in Weston's case. In that opinion, the appellate court stated, "we have carefully reviewed the record in

this case, the aforesaid brief[1] and defendant's response in compliance with the mandate of *Pennsylvania v. Finley* and find no issues of arguable merit. We further note that defendant's petition was untimely filed and his claims are therefore time barred. 725 ILCS 5/122–1(c) (West 1996)."

■ Even if the state court reached the merits of the federal claim in an alternate holding, procedural default "curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invoke[d] a state procedural bar rule as a separate basis for decision." *Harris v. Reed,* at 264 n. 10, 109 S.Ct. 1038, *see Burris v. Farley,* 51 F.3d 655, 660 (7th Cir.1995); *Prihoda v. McCaughtry,* 910 F.2d 1379, 1383–84 (7th Cir.1990) ("Harris tells us that in alternative-grounds cases the federal court must respect the [state] procedural basis, so long as the state court says that each ground is sufficient."). The state appellate court clearly stated that Weston's claims could not proceed because they were without merit and because they had been filed in an untimely fashion. Even if the appellate court's brief statement that there was no merit to Weston's claim is considered to be a determination of the merits, it does not eradicate the court's reliance on state procedural rules. The state appellate court clearly stated adequate and independent state grounds for its decision to affirm the dismissal of the post-conviction petition.

■ Federal courts may review defaulted claims only if the petition shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure. *See Wainwright v. Sykes,* 433 U.S. 72, 91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a "fundamental miscarriage of justice," that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (internal quotations and citations omitted); *see also Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Weston makes no showing of cause for his failure to file a timely post-conviction proceeding. Therefore, the court need only determine whether refusal to reach the merits might work a fundamental injustice. *See Howard v. O'Sullivan,* 185 F.3d 721, 726 (7th Cir.1999).

As an alternative to showing cause and prejudice, Bell insists that because he did not commit the crime of which he was convicted, the appellate court erred in concluding that its refusal to reach the merits of his petition would not result in a fundamental miscarriage of justice. To avoid procedural default by a claim of actual innocence, however, a petitioner must not only "support his allegations of constitutional error with new reliable evidence that was not presented at trial," but also "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo,* 513 U.S. at 328, 115 S.Ct. 851. The only new evidence proffered by Weston is an affidavit from Dwayne Macklin, the individual that informed the police about Weston's involvement in the underlying murder and attempted murder. In his affidavit, Macklin states that he identified Weston because the police were yelling at him and struck him and that "all incriminating statements I made ... were completely false." Macklin does not identify the perpetrator or explain the basis for the incident in his affidavit. Because Macklin did not testify at Weston's trial, his repudi-

---

1. The court is referring to a motion to withdraw as appellate counsel filed by Weston's attorney pursuant to *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

ation of the statement made to police does not bring into question evidence relied upon by the jury in convicting Weston.

■ Under *Schlup,* Weston must establish that it would be impossible for any reasonable juror to find him guilty. The new evidence that he offers, while supporting Weston's trial testimony that he is innocent, does not establish actual innocence. At Weston's trial, numerous witnesses testified to his involvement. In light of such conflicting testimony and the inconsistency in Macklin's assertion about Weston's involvement, Weston's new evidence is not sufficient to establish actual innocence. At most, the evidence Weston provides could be the basis for a jury to find him not guilty; it does not make it impossible for a jury to find him guilty. Weston does not qualify under the "miscarriage of justice" exception to procedural default.

Thus, Weston's first nine claims are both untimely and procedurally defaulted. Weston's tenth and eleventh claims must now be addressed: ineffective assistance of appellate counsel on direct appeal and denial of due process in the post-conviction proceeding; and abuse of discretion by the trial court and appellate court in dismissing his post-conviction petition.

Upon close review of Weston's tenth claim, Weston's "denial of due process in the post-conviction proceeding" is really a claim of ineffective assistance of appellate counsel in the post-conviction proceeding. This tenth claim, therefore, is based on the ineffectiveness of counsel during his direct appeal and his post-conviction appeal.

■ With respect to Weston's direct appeal, it is unclear whether he raised this issue previously in his post-conviction petition. Assuming that he did raise it in his post-conviction proceeding, this claim is both untimely and procedurally defaulted for the reasons set forth above. If Weston did not raise this issue in his post-conviction petition, the issue is also procedurally defaulted. Section 28 U.S.C. § 2254(c) re-

quires only that state prisoners give state courts a fair opportunity to act on their claims. *Castille v. Peoples,* at 351, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380; *Picard v. Connor,* 404 U.S. 270, 275–276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. *Rose v. Lundy,* 455 U.S. 509, 515–516, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950). Before a federal court will consider an issue raised in a petition for writ of habeas corpus on its merits, petitioner must exhaust all remedies available in state courts and fairly present any federal claims in state court first, or risk procedural default. *Bocian v. Godinez,* 101 F.3d 465 (7th Cir. 1996). Failure to present this issue to the state courts in the post-conviction proceeding results in a procedural default of the claim. Either way, Weston's claim for ineffective appellate counsel is procedurally defaulted.

■ Weston's claim of ineffective assistance of appellate counsel in his post-conviction proceeding is likewise unavailing, although for different reasons. Before a habeas petitioner can use ineffective assistance of counsel as grounds to establish cause, he must have a right to counsel. Weston had no constitutional right to counsel when mounting his collateral attack on his conviction. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Ineffective assistance on a discretionary appeal to the Illinois Supreme Court or in a post-conviction proceeding, both of which are proceedings in which there is no constitutional right to counsel, cannot constitute cause. *Lane v. Richards,* 957 F.2d 363, 365 (7th Cir.), *cert. denied,* 506 U.S. 842, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992); *Morrison v. Duck-*

*worth,* 898 F.2d 1298, 1300–01 (7th Cir. 1990); *United States ex rel. Johnson v. People of Illinois,* 779 F.Supp. 81, 83–85 (N.D.Ill.1991). As Weston had no right to counsel in his post-conviction proceeding, his claim of ineffective assistance of counsel fails to raise an issue upon which habeas relief may be granted.

■ With respect to Weston's final claim, that the state courts abused their discretion in dismissing his post-conviction petition, a federal court may entertain a petition for a writ of habeas corpus only if an individual is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Weston asserts that the state courts' abuse of discretion arose under state law. Even if Weston is correct that the state courts' actions constituted an abuse of discretion, he does not raise a claim based upon federal law. Because Weston's final claim relies on an interpretation of the state court's application of state law, it may not be brought in a federal habeas petition. Accordingly, Weston's eleventh claim may not be brought in this forum because it does not assert a violation of federal law, the United States Constitution or a treaty of the United States.

### *Conclusion*

For the foregoing reasons, Weston's petition for a writ of habeas corpus is summarily dismissed pursuant to Rule 4 of the rules governing habeas corpus cases under § 2254.