**Darnell TINKER, Petitioner–Appellant,**

v.

**Craig HANKS, Respondent–Appellee.**

No. 98–1894.

United States Court of Appeals, Seventh Circuit.

Submitted March 25, 1999.

Decided April 7, 1999.

Darnell Tinker, Wabash Valley Correctional Facility, Carlisle, IN, for Petitioner–Appellant.

Michael A. Hurst, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before POSNER, Chief Judge, and EASTERBROOK, and KANNE, Circuit Judges.

POSNER, Chief Judge.

As one of the reforms of federal habeas corpus decreed by the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner must (with immaterial exceptions) commence his habeas corpus action within one year of the date on which his conviction became final. See 28 U.S.C. § 2244(d)(1)(A). But this period is tolled while "a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Tinker's habeas corpus action (dismissed by the district court as untimely) was timely only if the one-year period was tolled while his

application for permission to file a second state postconviction proceeding was pending before an Indiana appellate court, which eventually denied the application. We must decide—it is a question of first impression—whether an application for *leave to file* a state postconviction proceeding is a "properly filed" application *for* state postconviction relief.

We think not. Our reasons are practical rather than semantic, cf. *Bennett v. United States,* 119 F.3d 470 (7th Cir.1997) (reading "application" in a different context to include a motion for leave to file a successive petition for postconviction relief), although our interpretation does no violence to the statutory language. Congress could not have intended that the time for filing the federal action be tolled indefinitely by the simple expedient of filing repeated applications for leave to file state postconviction proceedings. Indiana requires leave of the appellate court to file a second or subsequent postconviction proceeding, Ind. R. Proc. Post–Conviction Remedies 1, § 12, on the model of 28 U.S.C. §§ 2244(a), (b), precisely in order to cut down on the paper flow from prisoners. The objective of both the state and the federal statutes would be ill-served by an interpretation of "properly filed application" in section 2244(d)(2) that invited just such a flow by prisoners wishing to extend indefinitely the period within which to file a federal habeas corpus action challenging their state conviction. The screening mechanisms created by these statutes determine when an application for postconviction relief is proper (as in "properly filed").

Our interpretation will not impose a hardship on state prisoners. The pendency of their application for leave to file a state postconviction proceeding will not prevent them from filing their federal habeas corpus action within one year, since any such action can, in the discretion of the district judge, be stayed pending the state appellate court's decision on the prisoner's application.

AFFIRMED.