Fortunado L. DICTADO, Petitioner–Appellant,

v.

Kenneth DUCHARME, Respondent–Appellee.

No. 98–35531.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 1999.

Decided Aug. 26, 1999.

---

Robert C. Owen, Assistant Federal Public Defender, Seattle, Washington, for the petitioner-appellant.

John J. Samson, Assistant Attorney General, Olympia, Washington, for the respondent-appellee.

Before: BROWNING, BEEZER and KLEINFELD, Circuit Judges.

BEEZER, Circuit Judge:

Fortunado Dictado appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. The district court concluded that Dictado filed his petition after the expiration of the one-year statute of limitations established in 28 U.S.C. § 2244(d)(1), the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and dismissed the petition as untimely. Dictado argues that the limitations period was tolled while his 1997 personal restraint petition was pending in the Washington state courts. We have jurisdiction, 28 U.S.C. §§ 1291, 2253, and we affirm.

I

In 1982, a Washington jury convicted Dictado of two counts of first-degree murder. The state court sentenced him to life in prison without the possibility of parole. The Washington Supreme Court affirmed the conviction and sentence on direct review. *See State v. Dictado*, 102 Wash.2d 277, 687 P.2d 172 (1984). The Washington Supreme Court issued its mandate terminating review on August 22, 1984.

In June 1988, Dictado filed a personal restraint petition in the Washington Court of Appeals, alleging that he had been denied effective assistance of counsel. The Court of Appeals dismissed Dictado's petition on December 21, 1988. Dictado was denied discretionary review by the Washington Supreme Court on April 18, 1989.

Dictado filed his second and third personal restraint petitions in 1993. After the Washington Court of Appeals summarily denied review, Dictado sought discretionary review by the Washington Supreme Court. The Washington Supreme Court

denied review, holding that both petitions were properly dismissed as time-barred.

In February 1997, Dictado filed a fourth personal restraint petition in the Washington Court of Appeals. The Court of Appeals dismissed the petition as a successive petition under RCW 10.73.140. Dictado sought discretionary review in the Washington Supreme Court. The court denied review, concluding that the petition was time-barred and successive.

Dictado filed a federal habeas corpus petition on May 15, 1997.[1] The case was referred to a magistrate judge, who recommended that the petition be dismissed with prejudice as time-barred. The district court adopted the magistrate judge's findings and conclusions and dismissed Dictado's petition on March 16, 1998. Dictado filed a notice of appeal on March 25, 1998. The district court denied a certificate of appealability.

■ The Ninth Circuit granted a certificate of appealability as to whether Dictado's 1997 personal restraint petition was a properly filed application for state post-conviction relief within the meaning of 28 U.S.C. § 2244(d)(2). We review de novo the dismissal of a federal habeas corpus petition. *See McQueary v. Blodgett*, 924 F.2d 829, 832 (9th Cir.1991).

## II

■ The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. *See* 28 U.S.C. § 2244(d)(1). Under Ninth Circuit precedent, a prisoner with a state conviction that became final prior to the enactment of the AEDPA had until April 23, 1997 to file a federal habeas corpus petition. *See Calderon v. United States District Court*, 128 F.3d 1283, 1287 (9th Cir.1997) (concluding that allowing AEDPA's limitations period to begin be-

fore the statute's enactment would have impermissible retroactive effect), *cert. denied*, —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998), *overruled in part on other grounds* by *Calderon v. United States District Court*, 163 F.3d 530 (9th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999). Dictado had until April 23, 1997 to file his federal habeas corpus petition. Dictado filed his habeas corpus petition on May 15, 1997, outside the statutory period.

### A

Dictado argues that his habeas corpus petition is not time-barred because his 1997 personal restraint petition was a "properly filed application" that tolled the one-year statute of limitations. Under the AEDPA, the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). Congress did not provide in the AEDPA a definition of a "properly filed application" for tolling purposes.

The issue before us is whether a state prisoner's state application, which was dismissed as procedurally improper by the state's highest court, is a "properly filed application" within the meaning of the tolling provision of the AEDPA. This is a question of first impression in this Circuit.

In *Lovasz v. Vaughn*, 134 F.3d 146, 147 (3rd Cir.1998), the Third Circuit held that a state prisoner's successive application for post-conviction relief may be deemed a "properly filed application" if state law allows such filings. The court explained: "[I]f a state allows petitioners to file second or subsequent petitions for post-conviction relief, federal courts should not undermine the state's decision by refusing to toll the one-year period of limitation of § 2244(d)(1) where a second or subsequent

---

1. Dictado originally filed a federal habeas corpus petition on October 12, 1989. On Dictado's own motion, the district court dis-missed this petition without prejudice on October 2, 1990.

petition is pending in the state court system." *Id.* at 147. The court stated that a "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place for filing." *Id.; see also Patterson v. Director, Virginia Dept. of Corrections,* 36 F.Supp.2d 317, 320 (E.D.Va.1999) (status of petition as " 'properly filed' . . . depends not on the petition's merits, but on whether the state's procedural filing requirements have been met"); *McClain v. Page,* 36 F.Supp.2d 819, 821 (C.D.Ill.1999) ("properly filed" applications are those submitted in compliance with basic state filing requirements, such as the rules governing the time and place of filing); *Ellis v. Johnson,* 11 F.Supp.2d 695, 696 (N.D.Texas 1998) (agreeing with *Lovasz* 's interpretation of § 2244(d)(2)).

█ Relying on *Lovasz,* Dictado argues that we must treat as "properly filed" any state application that appears on its face to comply with the state's basic procedural rules. We disagree. We read "a properly filed application" to mean an application submitted in compliance with the procedural laws of the state in which the application was filed. This reading is consistent with *Lovasz. Lovasz* does not suggest that the standard for a "properly filed" application under the AEDPA is more lenient than the relevant state procedural law.[2] Here, the Washington Supreme Court held that under Washington law, Dictado's fourth personal restraint petition was procedurally improper. To hold that Dictado's procedurally defective application was "properly filed" would require us to ignore the explicit holding of the Washington Supreme Court.

Dictado's proposed definition of a "properly filed application" lacks any limitation. The AEDPA allows a state prisoner to toll the limitations period for the time during which a "properly filed application" is pending in state court. Had Congress in-

tended to toll the statute of limitations for the period during which even improper applications were pending in state court, it would not have included the "properly filed" limitation. *Cf. Tinker v. Hanks,* 172 F.3d 990, 990–91 (7th Cir.1999) (rejecting argument that application for leave to commence a state post-conviction relief proceeding is a "properly filed" application because "Congress could not have intended that the time for filing the federal action be tolled indefinitely by the simple expedient of filing repeated applications for leave to file state post-conviction relief").

Dictado's state petition did not comply with Washington's rules governing the time of filing. Consequently, we hold that the application was not "properly filed" within the meaning of the AEDPA. Dictado's 1997 petition did not toll the statute of limitations period.

### B

Dictado argues that he is entitled to equitable tolling of the AEDPA's statute of limitations because he was not represented by counsel and the Ninth Circuit had not yet ruled on the issue at the time of his 1997 filing. Dictado has waived the equitable tolling issue by raising it for the first time in his reply brief. *See McMillan v. United States,* 112 F.3d 1040, 1047 (9th Cir.1997) (argument raised for the first time in a reply brief is waived).

### III

We affirm the dismissal of Dictado's habeas corpus petition. Dictado did not file his petition within the AEDPA's one-year statute of limitations, and this limitations period was not tolled by his 1997 personal restraint petition. Accordingly, Dictado's federal habeas corpus petition is time-barred.

AFFIRMED.

---

**2.** We need not reach the issue, addressed in *Lovasz, see* 134 F.3d at 149, whether a frivolous but otherwise procedurally proper filing in state court is "properly filed" for AEDPA purposes.

JAMES R. BROWNING, Circuit Judge, dissenting:

Dictado's petition was "properly filed" for purposes of tolling the AEDPA limitations period because Dictado satisfied Washington's procedural requirements for filing a petition based on newly discovered evidence. Although Washington courts ultimately rejected the petition as "repetitive and untimely," this conclusion was based on an examination of the merits, specifically whether the proffered evidence qualified as newly discovered evidence. The court's decision on the merits is not a valid basis for refusing to toll the period in which Dictado could file a federal petition.

The great majority of federal decisions interpreting the phrase "properly filed" in section 2244(d)(2) hold that it refers to compliance with the state's basic procedural requirements for filing a petition, without regard to the merits of the petition.[1] The Third Circuit held in *Lovasz v. Vaughn*, 134 F.3d 146 (3d Cir.1998), that a second or successive state petition summarily dismissed by Pennsylvania courts was "properly filed" because the state permitted the filing of second or subsequent petitions and the petitioner apparently satisfied the state's procedural requirements for filing such a petition. *See id.* at 148. Although the state had "announced strict rules regarding the granting of second and subsequent ... petitions," *id.*, the Third Circuit did not consider whether Lovasz's petition satisfied those rules before concluding that the petition was "properly filed." In short, the court did not review the merits of the petition.

This case is indistinguishable from *Lovasz*. Like Pennsylvania, Washington recognizes exceptions to its bar against successive petitions, *see* Wash. Rev.Code § 10.72.140, as well as exceptions to its one-year time limit for filing petitions for post-conviction review, *see* Wash. Rev. Code § 10.73.100. Dictado invoked one of those exceptions: he claimed his petition was based on newly discovered evidence. *See* § 10.73.100(1).[2] He also complied with the procedural requirements for filing a petition based on newly discovered evi-

1. *See, e.g., Lovasz v. Vaughn*, 134 F.3d 146, 147 (3d Cir.1998) (holding that "a second or subsequent [state] petition for post-conviction relief, filed according to the procedural rules of the state, constitutes 'a properly filed application' ... without regard to the merits of the petition."); *Patterson v. Director, Virginia Dep't of Corrections*, 36 F.Supp.2d 317, 318–319, 320 (E.D.Va.1999) (holding that second and third state habeas petitions that were dismissed as impermissible successive petitions were "properly filed"); *United States ex rel. Morgan v. Gilmore*, 26 F.Supp.2d 1035, 1039–41 (N.D.Ill.1998) (holding that second state petition for post-conviction relief that was dismissed as "frivolous and patently without merit" was "properly filed"); *Souch v. Harkins*, 21 F.Supp.2d 1083, 1086 (D.Ariz. 1998) (holding seventh state petition for post-conviction relief, which was based on newly discovered evidence but rejected by the state courts because the evidence was not newly discovered, was "properly filed"); *Galindo v. Johnson*, 19 F.Supp.2d 697, 698, 709 (W.D.Tex.1998) (holding that third state petition for post-conviction relief that was dismissed as an abuse of the writ was "properly filed"); *Ellis v. Johnson*, 11 F.Supp.2d 695, 697, 698 (N.D.Tex.1998) (holding that second

state petition for post-conviction relief that was dismissed as an abuse of the writ was "properly filed"); *Hughes v. Irvin*, 967 F.Supp. 775, 778–79 (E.D.N.Y.1997) (holding that seventh application for post-conviction relief, which was rejected because evidence on which it was based was not properly authenticated, was "properly filed"). *But see Valentine v. Senkowski*, 966 F.Supp. 239, 241 (S.D.N.Y.1997) ("[T]his court assumes that ... a petition, although ... timely, must also be non-frivolous in order to be 'properly filed'...."); *Hill v. Keane*, 984 F.Supp. 157, 159 (E.D.N.Y.1997) (following *Valentine*). In *Tinker v. Hanks*, 172 F.3d 990 (7th Cir.1999), cited by the majority, the Seventh Circuit addressed a related but distinguishable issue: whether a *motion for leave to file* a successive state petition is a "properly filed application" for purposes of applying § 2244(d)(2).

2. Section 10.73.140 permits successive petitions if the petitioner "has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition." Wash. Rev.Code § 10.73.140. The state does not dispute that the discovery of new evidence can constitute "good cause."

dence: he filed the petition "with due diligence" after discovering the new evidence. *Id.*[3] Dictado obtained the affidavit he claims is new evidence in February 1997 and he filed his petition the same month. Therefore, Dictado's petition must be deemed "properly filed" even if it lacked merit. *See Lovasz,* 134 F.3d at 149 ("[W]e reject the notion that a meritless [state] petition cannot constitute 'a properly filed application' under § 2244(d)(2).").

The majority does not dispute the Third Circuit's analysis in *Lovasz.* Rather, it claims this panel is bound by the Washington Supreme Court's ultimate conclusion that Dictado's petition was time-barred and successive. *See ante,* at 891–92. The Washington Supreme Court reached this conclusion, however, only after reviewing the merits of the petition:

> This petition is both repetitive and untimely. RCW 10.73.090, .140. The only possible basis on which Mr. [Dictado] could avoid both of these procedural bars is if this petition rested on newly discovered evidence, which would constitute both an exception to the statute of limitations and good cause for failing to raise the new issue earlier. . . .
>
> Although Mr. Guloy did not provide his affidavit until February 5, 1997, it . . . does not qualify as newly discovered evidence. Mr. Guloy did not recently recant testimony he gave against Mr. Dictado. Mr. Guloy did not testify at all at that trial, nor were any of his hearsay statements admitted against Mr. Dictado. There is no indication that he has ever changed his story. And whether or not he and Mr. Dictado have been held in the same prison, they are acquaintances and could have corresponded during the more than 15 years since their arrests.
>
> Moreover, 'newly discovered evidence' does not warrant a new trial unless it would probably change the result. *State v. Williams,* 96 Wash.2d 215, 223, 634

P.2d 868 (1981). Mr. Guloy's affidavit[ ] would not change the result of Mr. Dictado's trial. . . .

> In short, Mr. Dictado has not shown that the Acting Chief Judge erred in dismissing his personal restraint petition or that review is otherwise called for under RAP 13.5(b).
>
> The motion for discretionary review is denied.

*In re Dictado,* No. 65198–1, at 2–3 (Wash. April 18, 1997) (order denying discretionary review). By treating the foregoing passage as preclusive on the issue of whether Dictado's petition was properly filed, the majority transforms § 2244(d)(2) into a merits-based tolling provision, contrary to the plain meaning of the statute and contrary to the nearly-unanimous judgment of federal courts that have interpreted the provision. *See supra* note 1.

If a state permits prisoners to file successive petitions or petitions outside the limitations period, and the prisoner complies with the basic procedural requirements for filing such petitions, federal courts should not interfere with that state policy, but should deem the petitions "properly filed." *See Lovasz,* 134 F.3d at 148 ("[I]f a state allows petitioners to file second or subsequent petitions for post-conviction relief, federal courts should not undermine the state's decision by refusing to toll the one-year period of limitation" while the petition is pending.). Washington permits a prisoner to file a petition based on newly discovered evidence outside the ordinary limitations period, as long as the prisoner acts with due diligence; Dictado filed his petition with due diligence after obtaining what he claimed was newly discovered evidence; Washington permitted it to be filed and considered it on the merits. Thus, the petition must be deemed "properly filed" and Dictado

---

**3.** Section 10.73.140 does not set forth particular procedural requirements for filing successive petitions. *See* Wash. Rev.Code § 10.73.140.

should be permitted to file his federal petition in district court.