**F I L E D**

UNITED STATES COURT OF APPEALS

**OCT 7 1999**

TENTH CIRCUIT

JACKSON MONROE MARTIN,

      Petitioner - Appellant,

vs.

GARY L. GIBSON, Warden of the
Oklahoma State Reformatory;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 98-7184
(D.C. No. 97-CV-489-S)
(E.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

    Mr. Martin, an inmate appearing pro se, seeks to appeal from the district

court's dismissal of his habeas petition, 28 U.S.C. § 2254, concerning an expired

1976 conviction. The magistrate judge, whose findings and recommendations

were adopted by the district court, determined that even if the conviction were

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

being used to enhance a 1991 sentence currently being served, Mr. Martin's claims must fail because the 1991 sentence would have been enhanced by eight other convictions that Mr. Martin had not challenged.

Mr. Martin's petition is time-barred. Under the AEDPA, state prisoners whose convictions became final before April 24, 1996, had until April 23, 1997, to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Mr. Martin filed his petition for habeas in August 1997, well after the deadline. His third and most recent application for state post conviction relief,[1] rejected by the state district court as procedurally barred and dismissed on appeal for non-compliance with rules governing appeals, R. doc. 6 ex. B & D, does not constitute a "properly filed" application for post-conviction relief. See Dictado v. Ducharme, 1999 WL 646953, *2 (9th Cir. Aug. 26, 1999)[2] ("properly filed" application is one submitted in compliance with state's procedural laws); Hoggro v. Boone, 150 F.3d 1223, 1226 n.4 (10th Cir. 1998) (untimely state appeal not "properly filed"). Moreover, the third post-conviction application came well after the April 23, 1997 deadline.

Even if Mr. Martin's petition were not time barred, his claims still fail

---

[1] Mr. Martin's first and second applications for state post conviction relief were filed in 1977 and 1984, respectively.

[2] Contra Lovasz v. Vaughn, 134 F.3d 146, 147 (3rd Cir. 1998).

because the 1991 convictions were enhanced by eight other prior convictions in addition to the one challenged in the instant habeas petition.  <u>See</u> R. doc. 6, Ex. E, H & K.  Because these constitute convictions of crimes after two or more prior felonies, pursuant to Okla. Stat. Ann. tit. 21 § 51(b) (West 1998), they would have provided the same sentencing enhancement without the 1976 conviction.

Mr. Martin's motion for a certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge