PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------

No. 98-4218

--------------

D.C. Docket No. 97-01978-CV-ASG

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15 2001
THOMAS K. KAHN
CLERK

JEFFREY WEEKLY,

Petitioner-Appellant,

versus

MICHAEL W. MOORE,
DEPARTMENT OF CORRECTIONS, *et al.*,

Respondents-Appellees.

------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------------------------------
**(March 15, 2001)**

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before BIRCH and BARKETT, Circuit Judges, and MILLS[*], District Judge.

RICHARD MILLS, District Judge:

---

[*]Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by designation.

In our previous Opinion in this case, we noted that "[t]he resolution of this appeal . . . turns on whether a successive petition such as Weekley's [sic] is nonetheless a 'properly filed application' under 28 U.S.C. § 2244(d)(2)." Weekly v. Moore, 204 F.3d 1083, 1085 (11th Cir. 2000). The majority of this Court was persuaded by the reasoning of the United States Courts of Appeals for the Seventh and Ninth Circuits[1] and concluded that successive state court filings do not constitute properly filed applications for purposes of tolling 28 U.S.C. § 2244(d)(2)'s statute of limitations period.[2] Weekly, 204 F.3d at 1086. Accordingly, we affirmed the district court's dismissal of Weekly's habeas corpus petition as being untimely filed. Id.

However, on January 8, 2001, the United State Supreme Court reversed this Court pursuant to that Court's holding in Artuz v. Bennett, 121 S. Ct. 361 (2000). In Bennett, the Supreme Court decided the circuit split and held that

an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. . . . "[T]he question whether an application has been "properly filed" is

[1]See Tinker v. Hanks, 172 F.3d 990 (7th Cir. 1999) and Dictado v. Ducharme, 189 F.3d 889 (9th Cir. 1999).

[2]Judge Barkett explained in her dissent that she was more persuaded by the reasoning of the opinions from the United States Courts of Appeals for the Second, Fifth, and Third Circuits (see Bennett v. Artuz, 199 F.3d 116 (2d Cir. 1999); Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999); Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998)), noting that "[t]o import consideration of the merits of the petition into this determination seems to me to be in direct conflict with the plain meaning of the phrase 'properly filed' as it is used in the statute." Weekly, 204 F.3d at 186.

2

quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Id. at 364.

In light of Bennett, we must reverse the district court's decision and remand for further proceedings. As we previously noted, "since Weekley [sic] filed his federal petition on June 25, 1997, if either the second or third Rule 3.850 motions w[ere] properly filed, his federal habeas petition would be timely." Weekly, 204 F.3d at 1085. Bennett teaches that Weekly's habeas corpus petition was timely filed because his second and third Rule 3.850 motions were properly filed, thereby tolling 28 U.S.C. § 2244(d)(2)'s statute of limitations period.

Accordingly, we REVERSE the district court's Order holding that Weekly's habeas corpus petition was untimely filed and REMAND with directions to the district court that it allow Weekly to file and proceed on his habeas corpus petition.