PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/24/2000
THOMAS K. KAHN
CLERK

_____

No. 98-4218

_____

District Court Docket No. 97-01978-CV-ASG


JEFFREY WEEKLY,

                                        Petitioner-Appellant,

        versus

MICHAEL W. MOORE,
DEPARTMENT OF CORRECTIONS, et al.,

                                        Respondents-Appellees.


-----------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-----------------------------------------------
**(February 24, 2000)**

Before BIRCH and BARKETT, Circuit Judges, and MILLS*, Senior District Judge.

RICHARD MILLS, Senior District Judge:

---

*Honorable Richard Mills, Senior U. S. District Judge for the Central District of Illinois, sitting by designation.

Weekly appeals the district court's dismissal of his habeas petition on the grounds that it was not timely filed. We affirm the district court.

## BACKGROUND

On April 28, 1988, Weekly was convicted by a jury of sexual battery, kidnapping and aggravated battery. After re-sentencing, his conviction became final in 1991.

Weekly then began filing serial motions for relief in the state trial court. In total, Weekly filed three post-conviction motions in the state trial court pursuant to Florida Rule of Criminal Procedure 3.850.

In the first motion, filed on December 17, 1991, he alleged ineffective assistance of counsel and the discovery of new evidence regarding his confession. An evidentiary hearing was held and the motion was denied. On May 24, 1994, the trial court's judgment was affirmed on direct appeal. On October 6, 1994 the Supreme Court of Florida denied Appellant's petition for review.

The second post conviction motion was filed in the state trial court on November 29, 1995, raising the same claims as the first petition, and adding a third allegation that the state had used false testimony during a suppression hearing. This motion was denied as a successive petition and on June 26, 1996, the District Court of Appeals of Florida affirmed the state trial court's dismissal of the motion.

2

On March 28, 1996 -- while the appeal of the second motion was still pending -- Weekly filed yet a third post-conviction motion, claiming that his counsel on his first motion for post-conviction relief was ineffective for failing to raise all the ways in which Weekly's trial counsel had allegedly been ineffective. On September 6, 1996, this motion also was denied as a successive petition. The District Court of Appeals of Florida affirmed the denial on April 16, 1997.

On June 25, 1997, Weekly filed a petition pursuant to 28 U.S.C. § 2254 in federal district court. The Magistrate Judge recommended that the petition be dismissed as untimely under the one year limitations period contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1) and (d)(2). The District Judge adopted the Magistrate Judge's recommendation and denied the petition on January 29, 1998. The District Judge also denied Weekly's motion for a certificate of appealability. This Court allowed the appeal to go forward on the sole issue of the timeliness of Weekly's petition.

Thus, the sole issue here is whether Weekly's second or third post-conviction motions were "properly filed" even though they were dismissed as successive motions by the state court.

ANALYSIS

3

The AEDPA added a one year statute of limitations to federal habeas corpus actions. It specifically provides that the limitation period for the filing of such actions begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1). Further, a tolling provision provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

For prisoners whose convictions became final prior to April 24, 1996, the effective date of the AEDPA, a one-year grace period extends the deadline for filing such petitions to April 23, 1997. See Wilcox v. Florida Dep't of Corrections, 158 F3d 1209, 1211 (7th Cir. 1998)(citing Goodman v. United States, 151 F.3d 1335 (11th Cir.1998)). Thus, unless the time period is tolled, Weekly's federal habeas petition would be untimely if filed after April 23, 1997.

Weekly argues that the time during which his second and third post-conviction motions were pending should toll the one year limitations period for the filing of his federal habeas petition. The second petition was pending until the

4

appeal was denied on June 26, 1996. Thus, if the second petition was "properly filed" Weekly had until June 25, 1997 to file his federal habeas petition.

Weekly's third petition was pending for more than a year after the effective date of the AEDPA. If this petition were "properly filed" Weekly would have until April 15, 1998 to file his federal habeas petition. Thus, since Weekly filed his federal petition on June 25, 1997, if either the second or third Rule 3.850 motions was properly filed, his federal habeas petition would be timely.

The resolution of this appeal thus turns on whether a successive petition such as Weekly's is nonetheless a "properly filed application" under 28 U.S.C. §2244(d)(2). The courts that have addressed the issue have reached differing results.

The phrase "properly filed application" is not defined in the AEDPA itself and the legislative history sheds little light on its meaning. See Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir.1999) (citing legislative history). Some courts have construed the phrase narrowly to mean that the state post-conviction motion or petition complies with the bare minimum of procedural requirements such as time and place of filing. On this view, if a prisoner managed to file his state petition within the applicable time limits and in the right court, his petition would be "properly filed." Sometimes, despite the lack of a clear (or any) definition of

the phrase "properly filed application," this construction is justified on the grounds that the plain meaning of the phrase is so unambiguous as to compel only the narrow interpretation. See Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir.1998)("[a]fter all, Congress chose the phrase "a properly filed application," one into which we do not read any requirement that the application be non- frivolous"); See also Villegas, 184 F.3d at 470 (stating reluctance to go beyond "plain meaning of the phrase"). Courts favoring the narrow interpretation also rely on principles of comity and on the exhaustion requirement to support their interpretation. See id at 472; See also Bennett v. Artuz, 199 F.3d 116 (2nd Cir. 1999).

Other courts, however, have interpreted the phrase "properly filed" more broadly, in accord with the purposes of the AEDPA limitations period and the qualification that state courts must be given the first opportunity to decide state prisoners' constitutional claims. For example, in Tinker v. Hanks, 172 F.3d 990, 991 (7th Cir. 1998), the Seventh Circuit held that an application for leave to file a successive state habeas petition was not a "properly filed application" under the AEDPA. The reasoning of the Seventh Circuit was that Congress could not have intended to allow prisoners to extend the limitations period indefinitely by filing repeated applications for leave. Id. The Court also noted that there was little reason to worry that the state and federal courts might reach differing results on

6

whether a state petition is "properly filed" because the federal court can, in its discretion, stay the federal case while the state petition is pending. Id.

Similarly, the Ninth Circuit has held that a state petition is not "properly filed" if the petition is dismissed as successive under the state's procedural rules. See Dictado v. Ducharme, 189 F3d 889, 892 (9th Cir. 1999). The Court reasoned that the policy of deferring to state courts weighs in favor of requiring prisoners to comply with the full range of state procedural rules, including the rule regarding successive petitions. Id.

Though this precise issue has not been addressed in this Circuit, the Court has interpreted the phrase "properly filed" in the context of an untimely state petition. We held recently that a state petition is not "properly filed" when it fails to comply with state filing deadlines as applied by the state court. See Webster v. Moore, No. 99-4201, ___ F.3d ___ ( 11th Cir. 2000,). In Webster, we noted that the AEDPA demonstrates a concern for federal-state comity and deference to state determinations of constitutional claims. See Webster at *2-3 (concern for federal-state comity "militates in favor of requiring compliance with state filing deadlines in the context of § 2244(d)(2)").

Because we are persuaded by the reasoning of the courts that have not deemed successive state court filings to be "properly filed," we extend Webster to

7

prohibit tolling in the circumstances of this case. This extension is in accord with the AEDPA's purpose of encouraging state court exhaustion, while also not allowing procedurally defective motions, such as Weekly's successive motions, to toll the period for filing a federal habeas action.

## CONCLUSION

Weekly's second and third motions pursuant to Florida Rule of Criminal Procedure 3.850 were dismissed as successive petitions, and those dismissals were affirmed on appeal. It is therefore clear that Weekly failed to comply with the procedural requirement forbidding successive motions. See Fla. R. Crim P. 3.850(f). His state post-conviction motions were not "properly filed" and there was no tolling of the one year limitations period. It follows that his federal habeas petition pursuant to 28 U.S.C. §2254, which was filed on June 25, 1997, was filed outside the limitations period and is time-barred.

Thus, for the reasons given in this opinion, we AFFIRM the district court's dismissal of Weekly's habeas petition.

BARKETT, Circuit Judge, dissenting:

I respectfully dissent from the majority's opinion in this case because I find the decisions in <u>Bennett v. Artuz</u>, 199 F.3d 116 (2d Cir. 1999), <u>Villegas v. Johnson</u>, 184 F.3d 467 (5th Cir. 1999), and <u>Lovasz v. Vaughn</u>, 134 F.3d 146 (3d Cir. 1998), to be more persuasive than those in <u>Dictado v. Ducharme</u>, 189 F.3d 889 (9th Cir. 1999), and <u>Tinker v. Hanks</u>, 172 F.3d 990 (7th Cir. 1999). In <u>Webster v. Moore</u>, No. 99-4201, ____ F.3d ____ (11th Cir. 2000), there was no question that the state petition filed in that case was untimely under state law, and that the state court did not have to make a determination on the merits of the petition to so hold. When state courts do in fact have to look at the merits of a petition for post-conviction relief, it seems to me that their merits determination should have no bearing on whether the petition was "properly filed" under the AEDPA. To import consideration of the merits of the petition into this determination seems to me to be in direct conflict with the plain meaning of the phrase "properly filed" as it is used in the statute.