*1084 RICHARD MILLS, Senior District Judge:
Weekley appeals the district court’s dismissal of his habeas petition on the grounds that it was not timely filed. We affirm the district court.

BACKGROUND

On April 28, 1988, Weekley was convicted by a jury of sexual battery, kidnapping and aggravated battery. After re-sentencing, his conviction became final in 1991.
Weekley then began filing serial motions for relief in the state trial court. In total, Weekley filed three post-conviction motions in the state trial court pursuant to Florida Rule of Criminal Procedure 3.850.
In the first motion, filed on December 17, 1991, he alleged ineffective assistance of counsel and the discovery of new evidence regarding his confession. An evi-dentiary hearing was held and the motion was denied. On May 24, 1994, the trial court’s judgment was affirmed on direct appeal. On October 6, 1994 the Supreme Court of Florida denied Appellant’s petition for review.
The second post conviction motion was filed in the state trial court on November 29, 1995, raising the same claims as the first petition, and adding a third allegation that the state had used false testimony during a suppression hearing. This motion was denied as a successive petition and on June 26, 1996, the District Court of Appeals of Florida affirmed the state trial court’s dismissal of the motion.
On March 28, 1996 — while the appeal of the second motion was still pending— Weekley filed yet a third post-conviction motion, claiming that his counsel on his first motion for post-conviction relief was ineffective for failing to raise all the ways in which Weekley’s trial counsel had allegedly been ineffective. On September 6, 1996, this motion also was denied as a successive petition. The District Court of Appeals of Florida affirmed the denial on April 16,1997.
On June 25, 1997, Weekley filed a petition pursuant to 28 U.S.C. § 2254 in federal district court. The Magistrate Judge recommended that the petition be dismissed as untimely under the one year limitations period contained in the Antiter-rorism and Effective Death Penalty Act (“AEDPA”), 28 U.S.C. § 2244(d)(1) and (d)(2). The District Judge adopted the Magistrate Judge’s recommendation and denied the petition on January 29, 1998. The District Judge also denied Weekley’s motion for a certificate of appealability. This Court allowed the appeal to go forward on the sole issue of the timeliness of Weekley’s petition.
Thus, the sole issue here is whether Weekley’s second or third post-conviction motions were “properly filed” even though they were dismissed as successive motions by the state court.

ANALYSIS

The AEDPA added a one year statute of limitations to federal habeas corpus actions. It specifically provides that the limitation period for the filing of such actions begins to run on “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.” 28 U.S.C. § 2244(d)(1). Further, a tolling provision provides that “[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.” 28 U.S.C. § 2244(d)(2).
For prisoners whose convictions became final prior to April 24, 1996, the effective date of the AEDPA, a one-year grace period extends the deadline for filing such petitions to April 23, 1997. See Wilcox v. Florida Dep’t of Corrections, 158 F.3d 1209, 1211 (11th Cir.1998)(citing Goodman v. United States, 151 F.3d 1335 (11th Cir.1998)). Thus, unless the time period is tolled, Weekley’s federal habeas petition *1085 would be untimely if filed after April 23, 1997.
Weekley argues that the time during which his second and third post-conviction motions were pending should toll the one year limitations period for the filing of his federal habeas petition. The second petition was pending until the appeal was denied on June 26, 1996. Thus, if the second petition was “properly filed” Weekley had until June 26, 1997 to file his federal habe-as petition.
Weekley’s third petition was pending for more than a year after the effective date of the AEDPA. If this petition were “properly filed” Weekley would have until April 16, 1998 to file his federal habeas petition. Thus, since Weekley filed his federal petition on June 25, 1997, if either the second or third Rule 3.850 motions was properly filed, his federal habeas petition would be timely.
The resolution of this appeal thus turns on whether a successive petition such as Weekley’s is nonetheless a “properly filed application” under 28 U.S.C. § 2244(d)(2). The courts that have addressed the issue have reached differing results.
The phrase “properly filed application” is not defined in the AEDPA itself and the legislative history sheds little light on its meaning. See Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir.1999) (citing legislative history). Some courts have construed the phrase narrowly to mean that the state post-conviction motion or petition complies with the bare minimum of procedural requirements such as time and place of filing. On this view, if a prisoner managed to file his state petition within the applicable time limits and in the right court, his petition would be “properly filed.” Sometimes, despite the lack of a clear (or any) definition of the phrase “properly filed application,” this construction is justified on the grounds that the plain meaning of the phrase is so unambiguous as to compel only the narrow interpretation. See Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir.1998)(“[a]fter all, Congress chose the phrase ‘a properly filed application, one into which we do not read any requirement that the application be nonfrivolous”); See also Villegas, 184 F.3d at 470 (stating reluctance to go beyond “plain meaning of the phrase”). Courts favoring the narrow interpretation also rely on principles of comity and on the exhaustion requirement to support their interpretation. See id at 472; See also Bennett v. Artuz, 199 F.3d 116 (2nd Cir.1999).
Other courts, however, have interpreted the phrase “properly filed” more broadly, in accord with the purposes of the AEDPA limitations period and the qualification that state courts must be given the first opportunity to decide state prisoners’ constitutional claims. For example, in Tinker v. Hanks, 172 F.3d 990, 991 (7th Cir.1998), the Seventh Circuit held that an application for leave to file a successive state habeas petition was not a “properly filed application” under the AEDPA. The reasoning of the Seventh Circuit was that Congress could not have intended to allow prisoners to extend the limitations period indefinitely by filing repeated applications for leave. Id. The Court also noted that there was little reason to worry that the state and federal courts might reach differing results on whether a state petition is “properly filed” because the federal court can, in its discretion, stay the federal case while the state petition is pending. Id.
Similarly, the Ninth Circuit has held that a state petition is not “properly filed” if the petition is dismissed as successive under the state’s procedural rules. See Dictado v. Ducharme, 189 F.3d 889, 892 (9th Cir.1999). The Court reasoned that the policy of deferring to state courts weighs in favor of requiring prisoners to comply with the full range of state procedural rules, including the rule regarding successive petitions. Id.
Though this precise issue has not been addressed in this Circuit, the Court has interpreted the phrase “properly filed” in *1086 the context of an untimely state petition. We held recently that a state petition is not “properly filed” when it fails to comply with state filing deadlines as applied by the state court. See Webster v. Moore, 199 F.3d 1256 (11th Cir.2000). In Webster, we noted that the AEDPA demonstrates a concern for federal-state comity and deference to state determinations of constitutional claims. See Webster at 1258-1259 (concern for federal-state comity “militates in favor of requiring compliance with state filing deadlines in the context of § 2244(d)(2)”).
Because we are persuaded by the reasoning of the courts that have not deemed successive state court filings to be “properly filed,” we extend Webster to prohibit tolling in the circumstances of this case. This extension is in accord with the AED-PA’s purpose of encouraging state court exhaustion, while also not allowing procedurally defective motions, such as Week-ley’s successive motions, to toll the period for filing a federal habeas action.

CONCLUSION

Weekley’s second and third motions pursuant to Florida Rule of Criminal Procedure 3.850 were dismissed as successive petitions, and those dismissals were affirmed on appeal. It is therefore clear that Weekley failed to comply with the procedural requirement forbidding successive motions. See Fla. R. Crim P. 3.850(f). His state post-conviction motions were not “properly filed” and there was no tolling of the one year limitations period. It follows that his federal habeas petition pursuant to 28 U.S.C. § 2254, which was filed on June 25, 1997, was filed outside the limitations period and is time-barred.
Thus, for the reasons given in this opinion, we AFFIRM the district court’s dismissal of Weekley’s habeas petition.