BARKETT, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s opinion in this case because I find the decisions in Bennett v. Artuz, 199 F.3d 116 (2d Cir.1999), Villegas v. Johnson, 184 F.3d 467 (5th Cir.1999), and Lovasz v. Vaughn, 134 F.3d 146 (3d Cir.1998), to be more persuasive than those in Dictado v. Ducharme, 189 F.3d 889 (9th Cir.1999), and Tinker v. Hanks, 172 F.3d 990 (7th Cir.1999). In Webster v. Moore, 199 F.3d 1256 (11th Cir.2000), there was no question that the state petition filed in that case was untimely under state law, and that the state court did not have to make a determination on the merits of the petition to so hold. When state courts do in fact have to look at the merits of a petition for post-conviction relief, it seems to me that their merits determination should have no bearing on whether the petition was “properly filed” under the AEDPA. To import consideration of the merits of the petition into this determination seems to me to be in direct conflict with the plain meaning of the phrase “properly filed” as it is used in the statute.