**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TED EZELL,

      Petitioner - Appellant,

vs.

BOBBY BOONE,

      Respondent - Appellee.

No. 99-5179
(D.C. No. 98-CV-334-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Mr. Ezell, an inmate appearing pro se, seeks to appeal from the denial of

his 28 U.S.C. § 2254 motion. Mr. Ezell was convicted in Oklahoma district court

of first degree rape (count 1) and lewd molestation (count 2) and was sentenced to

terms of imprisonment of 200 years and 20 years respectively. He perfected a

direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), which upheld

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

his conviction.

Mr. Ezell applied for post-conviction relief in state district court on January 2, 1997. His application was denied on January 15, 1997, and he did not appeal this denial to the OCCA until February 21, 1997. On March 4, 1997, the OCCA refused to hear Mr. Ezell's appeal as untimely and improperly filed. Mr. Ezell requested reconsideration of this order, and the OCCA denied this request on March 28, 1997. Mr. Ezell next filed a request for an appeal out of time on May 20, 1997, which was denied on February 24, 1998. The present habeas petition was filed on March 31, 1998.

After the passage of AEDPA, habeas petitions must be filed within one year from the date of final conviction. See 28 U.S.C. § 2244(d). However, when a conviction becomes final prior to April 24, 1996, the effective date of AEDPA, a petitioner has until April 23, 1997 to file his habeas petition. See United States v. Simmonds, 111 F.3d 737, 745 (10th Cir. 1997). Mr. Ezell's conviction became final on March 7, 1996, ninety days after his sentence was affirmed by the OCCA on direct appeal and his time to file a petition for certiorari with the United States Supreme Court had passed.

Mr. Ezell's habeas petition was not filed until March 31, 1998, almost a year after the judicially created April 23, 1997 deadline. Therefore, he is time barred unless the deadline was tolled by the pendency of his state post-conviction

motions. In order to toll the running of the limitations period under 28 U.S.C. § 2244(d)(2), a state post-conviction application must be "properly filed." This requires, among other things, that the application is timely under state law. See Dictado v. Ducharme, 189 F.3d 889, 892 (9th Cir. 1999). Mr. Ezell's petition before the district court was pending from January 2-15, 1997, and the AEDPA limitations period was tolled for those thirteen days.

However, his appeal to the OCCA was not "properly filed" and, therefore, had no effect on the running of the statute. Rule 5.2(C) of the Oklahoma Rules of the Court of Criminal Appeals requires that an appeal from the denial of post-conviction relief be brought within 30 days. The appellant must file a petition in error, along with a supporting brief and a certified copy of the order of the district court. Mr. Ezell did not file his appeal until February 21, 1997, over thirty days after the January 15 denial of his application.

Therefore, the limitation period ran on Mr. Ezell's habeas claim on May 6, 1997 (thirteen days after the April 23, 1997 deadline). As he did not file the current petition until March 31, 1998, he is time-barred. We agree with the district judge that none of Mr. Ezell's other state collateral proceedings filed after the extended grace period served to toll. R. doc. 9 at 4.

Mr. Ezell also claims that application of the one year limitation to crimes committed before the passage of AEDPA violates the Ex Post Facto Clause. This

argument is without merit. The Ex Post Facto Clause is implicated when a law retroactively alters the definition of a crime or increases the punishment available for that crime. See Lynce v. Mathis, 519 U.S. 433, 440-41 (1997). Application of 28 U.S.C. § 2244(d) does neither.

We DENY the request for a certificate of appealability and the motion to proceed in forma pauperis, and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge