**UNITED STATES of America, ex rel. Alonzo SMITH, Petitioner,**

v.

**Jerry STERNES, Respondent.**

**No. 00 C 7096.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 1, 2001.

Douglas E. Whitney, Federal Defender Program, Richard E. Cunningham, Attorney at Law, Chicago, IL, Notices to Prisoner, Correspondence, for Alonzo Smith, petitioners.

James E. Ryan, Colleen M. Griffin, Illinois Attorney General's Office, Chief of Criminal Appeals, Illinois Attorney General's Office, Chicago, IL, for Jerry Sternes, Warden Dixon Correctional Center, respondents.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Petitioner Alonzo Smith has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), 28 U.S.C. § 2244(d). For the reasons explained below, respondent's motion is denied.

## DISCUSSION

Petitioner was convicted of murder, home invasion and armed robbery on July 12, 1984. Thereafter, petitioner was sen-

tenced to concurrent terms of 40 years for murder and 20 years each for home invasion and armed robbery. Petitioner appealed his conviction and sentence, but both were affirmed by the Illinois Appellate Court on May 6, 1986. *See People v. Smith*, No. 1–84–1713 (Ill.App.Ct. 1st Dist. 1986). Petitioner then sought leave to appeal to the Illinois Supreme Court, but his request was denied on October 2, 1986. *See People v. Smith*, 112 Ill.2d 590 (Ill. 1986). Following that date, petitioner had ninety days in which to file a petition for writ of certiorari in the United States Supreme Court. Thus, petitioner's direct review of his conviction and sentence became final on December 31, 1986 (ninety days after October 2, 1986). *See Boggan v. Chrans*, 2000 U.S. Dist. LEXIS 17935, *6, 2000 WL 1810035, *2 (N.D.Ill.Dec.6, 2000) (adding the ninety-day period in which the petitioner could have sought certiorari from the Supreme Court to the conclusion of his direct review period); *United States ex rel. Williams v. DeTella*, 37 F.Supp.2d 1048, 1048 (N.D.Ill.1998) (same); *United States ex rel. Gonzalez v. DeTella*, 6 F.Supp.2d 780, 781–82 (N.D.Ill.1998) (same), *rev'd on other grounds*, 202 F.3d 273 (7th Cir.1999).

■ Under § 2244(d) of the AEDPA, petitioner had one year from the date on which the judgment against him became final by the conclusion of direct review, or the expiration of time for seeking such review, in which to file the instant petition. Although petitioner filed his state post-conviction petition in 1987, his one-year clock did not begin ticking until April 24, 1996, the day that the AEDPA was enacted. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir.1998). Also, petitioner's one-year clock stalled while his "properly filed" application for State post-conviction review was "pending." AEDPA § 2244(d)(2).

■ The parties do not dispute that petitioners' Petition for Leave to Appeal to the Illinois Supreme Court was, in fact, "properly filed" as that term is defined by § 2244(d)(2) of the AEDPA. *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (explaining that an application for state post-conviction review is "properly filed" when "its delivery and 'acceptance are in compliance with the applicable laws and rules governing filings"); *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir.2000) ("Whether a collateral attack is 'properly filed' can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed."). The parties also do not dispute that petitioner's petition was, in fact, still "pending" on October 6, 1999, the day the Illinois Supreme Court denied petitioner's motion for leave to appeal. *See People v. Smith*, 185 Ill.2d 658, 242 Ill.Dec. 148, 720 N.E.2d 1103 (1999). The parties disagree, however, about whether the petition was still "pending" after that date. Respondent claims it was not, but petitioner argues that because he filed a Motion for Leave to File a Motion for Reconsideration ("motion for reconsideration") in the Illinois Supreme Court on October 19, 1999, his petition remained "pending" until that motion was denied on November 12, 1999.

Respondent cites *Gendron*, 154 F.3d at 675, for the proposition that petitioner's petition was "pending" only until the Illinois Supreme Court denied his motion for leave to appeal. But the petitioner in *Gendron* did not file a motion for reconsideration with the Illinois Supreme Court like petitioner in the instant case. *See id.* Thus, *Gendron* is inapposite.

Respondent also argues that petitioner's motion for reconsideration should not count toward the time during which his post-conviction petition was pending under § 2244(d) of the AEDPA because "[t]here is no provision in Illinois Supreme Court Rule 315 for filing such a motion."[1] Respondent is correct, but the court finds the content of Rule 315 to be of no significance to the question at hand because it does not preclude a motion for reconsideration. Indeed, petitioner has demonstrated that the Illinois Supreme Court not only entertains, but also on a number of occasions has granted, motions for reconsideration identical to the one he filed in the instant case. *See e.g. Happel v. Wal–Mart Stores*, 194 Ill.2d 567, 252 Ill.Dec. 851, 743 N.E.2d 1007 (2001) (declaring the motions by petitioner "for leave to file a motion for reconsideration of the order denying petition for leave to appeal" and also for "reconsideration" to be "allowed," vacating the order denying the petition, and allowing the petition for leave to appeal); *Phillips & Assoc. v. Brown*, 192 Ill.2d 690, 250 Ill.Dec. 97, 737 N.E.2d 1074 (2001) (same); *People ex rel. James Ryan v. Telemarketing Assoc., Inc.*, 192 Ill.2d 708, 252 Ill.Dec. 84, 742 N.E.2d 334(2000) (same); *People v. Green*, 250 Ill.Dec. 97, 737 N.E.2d 1074 (2000) (same). Thus, respondent's second argument likewise fails to support its argument for dismissal of the instant petition.

Finally, respondent argues that the question at issue in this case, whether petitioner's motion to reconsider tolled the one-year limitation period set forth in § 2244(d) of the AEDPA, "has been decided by the Seventh Circuit in *Tinker v. Hanks*, 172 F.3d 990 (7th Cir.1999), where the court held that the limitations period is not tolled during the time following a petitioner's filing of a motion for leave to file a post-conviction application." In actuality, however, *Tinker* is no more supportive of respondent's argument than *Gendron*. In *Tinker*, the Seventh Circuit held that an application for permission to file a second state post-conviction *proceeding* is not a "properly filed application" under § 2244(d)(2) of the AEDPA. *Tinker* differs from the instant case because petitioner's motion for reconsideration was not an application to begin a second post-conviction *proceeding*; petitioner's motion simply sought to continue review of his current post-conviction proceeding, which had been initiated by a properly filed petition that, the parties agree, was indeed "pending" under § 2244(d)(2) until at least October 6, 1999.

Based on all of the above, the court finds no basis for concluding that petitioner's otherwise "pending" petition somehow stopped pending simply because he sought leave to ask the Illinois Supreme Court to reconsider its decision denying his petition. Thus, the court finds that petitioner's post-conviction petition was "pending" before the Illinois Supreme Court under § 2244(d)(2) of the AEDPA through November 12, 1999.

## CONCLUSION

Because petitioner's habeas petition was filed within the one-year limitation under § 2244(d) of the AEDPA, respondent's motion to dismiss is denied. Respondent shall file an answer to the petition on or before December 3, 2001 and petitioner shall reply thereto by January 3, 2002.

---

1. Rule 315 governs appeals from Illinois appellate courts to the Illinois Supreme Court, specifically addressing all of the following aspects of a petition for leave to appeal: the appropriate grounds that may be raised therein; the allowable timing and contents of a petition; the format, service and filing of a petition; the filing of the lower court record or abstract; and other relating to the briefs filed by the parties and oral argument.

The court will rule on the petition by mail thereafter.