**Wayne I. YOSHISATO, Petitioner—Appellant,**

v.

**C.A. TERHUNE, Respondent—Appellee.**

No. 00–57030.

D.C. No. CV–99–01346–AHS.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2003.*

Decided May 16, 2003.

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

The district court dismissed Wayne Yoshisato's habeas petition as untimely. We reverse and remand. Because the facts are familiar to the parties, we discuss them only as necessary to explain our decision.

Yoshisato's direct appeal of his conviction ended on March 23, 1998, when the United States Supreme Court denied Yoshisato's petition for *certiorari* from the decision of the California Supreme Court declining to review Yoshisato's conviction. Under 28 U.S.C. § 2244(d)(1), Yoshisato had at least until March 22, 1999, to file his federal habeas petition.

■ 28 U.S.C. § 2244(d)(2) tolls the one-year limitation that § 2244(d)(1) imposes during the pendency of "properly filed" state collateral relief. A state habeas petition that subsequently is denied as procedurally barred tolls the one-year § 2244(d)(1) limitation, as long as that petition's delivery and acceptance were in compliance with the applicable laws and rules governing filings. *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir.2001), *withdrawing Dictado v. Ducharme*, 189 F.3d 889 (9th Cir.1999). Thus, a California state habeas petition that subsequently is denied as untimely due to delay in filing may still be "properly filed." *Saffold v. Carey*, 312 F.3d 1031, 1035 (9th Cir.2003)

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(holding that the delay in filing the initial state habeas petition "is irrelevant to the analysis" of whether the habeas application was pending "because California's timeliness rule is not a 'condition to filing'"). Therefore all three of Yoshisato's state habeas petitions served to toll the one-year § 2244(d)(1) limitation, despite the grounds on which they were denied.

■ For the purposes of tolling under § 2244(d)(2), Yoshisato's petition was "pending" during the interval between the denial of his first state habeas petition and the filing of his second, and during the interval between the denial of his second state habeas petition and the filing of his third. *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 2136–37, 153 L.Ed.2d 260 (2002). Yoshisato's petition continued to be "pending" for thirty days after the California Supreme Court denied his third state habeas petition, because decisions of the California Supreme Court become final thirty days after judgment. *Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001).

Therefore, the one-year deadline under 28 U.S.C. § 2244(d)(1) for Yoshisato to file his federal habeas petition was tolled from March 18, 1999, when Yoshisato properly filed his first state habeas petition, until November 26, 1999, thirty days after the California Supreme Court denied his third state habeas petition. Thus the federal habeas petition filed by Yoshisato on November 1, 1999, was timely.

Yoshisato's First Amended Petition, the operative petition in this appeal, was filed on January 11, 2000. As to the timeliness of the First Amended Petition, the district court concluded, and the parties do not challenge, that the First Amended Petition "related back" to the original petition under Fed.R.Civ.P. 15(c). Because the magistrate judge in her order distinguished explicitly between her "dismissal" of Yoshisato's *original petition* and her non-"dis-

missal" of Yoshisato's *case,* we conclude that, for timeliness purposes, Yoshisato's First Amended Petition related back to the filing date of his original petition.

REVERSED and REMANDED.